**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4979**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

RONSHON PONE,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  W. Earl Britt, Senior District Judge.  (7:02-cr-00091-BR)

Submitted:  April 9, 2008          Decided:  April 18, 2008

Before WILKINSON, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIUM:

Ronshon Tominik Pone appeals the district court's judgment revoking his supervised release and sentencing him to twenty-four months' imprisonment. Pone contends that the sentence is plainly unreasonable.

We will affirm a sentence imposed after revocation of supervised release if it is within the prescribed statutory range and is not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 437-39 (4th Cir. 2006), cert. denied, 127 S. Ct. 1813 (2007). In making this determination, we first consider whether the sentence is procedurally or substantively unreasonable. Id. at 438-39. Only if a sentence is found to be unreasonable will this court determine if it is "plainly" so. Id. at 439. Although the district court must consider the Chapter Seven policy statements, U.S. Sentencing Guidelines Manual Ch. 7, Pt. B, as well as the statutory requirements and factors applicable to parole revocation sentences under 18 U.S.C. §§ 3553(a) & 3583 (2000), the district court ultimately has broad discretion to revoke the previous sentence and impose a term of imprisonment up to the statutory maximum. Crudup, 461 F.3d at 438-39.

Although the district court provided no explanation for its sentence, it is undisputed that the district court properly calculated the applicable range and imposed a sentence within that range. We find nothing clearly or obviously erroneous in the

sentence imposed by the district court.  See United States v. Moulden, 478 F.3d 652, 657 (4th Cir. 2007) (defining a "plainly unreasonable sentence" as one that is "clearly" or "obviously" erroneous).

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED